UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HARMONY GIBBONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00304-WTL-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 2:16-cr-00008-WTL-CMM |
| | ) | |
| Respondent. | ) | |

**Order Granting in Part and Denying in Part Motion for Relief
Pursuant to 28 U.S.C. § 2255**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Harmony Gibbons ("Gibbons"). For the reasons explained in this Order, the motion must be **granted** to the extent that Ms. Gibbons is permitted to file a direct appeal. It is in all other respects **denied.** In addition, the Court finds that a certificate of appealability should not issue.

## I. Section 2255 Motion Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II.    Factual and Procedural Background

On February 17, 2016, officers with the Sullivan County Sheriff's Department conducted a traffic stop on a vehicle driven by Gibbons, who was found to be driving with a suspended license. *United States v. Gibbons*, No. 2:16-cr-00008-WTL-CMM-1 (S.D. Ind.) (hereinafter "Crim. Dkt."), Dkt. No. 31. During the course of the traffic stop, officers located an automatic handgun. Officers also located approximately 16.6 grams of methamphetamine and other drug paraphernalia. *Id.*

On April 20, 2016, Gibbons was charged in this Court in an Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Crim. Dkt. No. 1.

On January 5, 2017, Gibbons entered into a petition to enter a plea of guilty and plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). Crim. Dkt. No. 26. Gibbons agreed to plead guilty as charged in the Indictment. The parties agreed that the Court would use its discretion to fashion a sentence. *Id*. at 2. The Government agreed to recommend a sentence within the advisory sentencing guidelines range, and Gibbons was free to request any sentence. *Id.* at 4. Gibbons agreed to waive her right to appeal the conviction on any ground, and if she was sentenced within or below the advisory guidelines range of a total offense level of 25, she waived her right to appeal the sentence on any ground. *Id*. at 10-16. The parties also agreed to the factual basis for the plea. *Id.* at 7-8.

Gibbons agreed that the Sentencing Guidelines were not mandatory or binding on the Court, but were advisory in nature, and that the final determination would be made by the Court. *Id.* at 9. In preparation for sentencing, the United States Probation Office prepared a presentence

report (PSR).  *See* Crim. Dkt. No. 31.  Gibbons' base offense level was 24 pursuant to U.S.S.G. § 2K2.1(a)(2).  *Id.* ¶ 13.  Four levels were added for possessing a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B).  *Id.* ¶ 14.  Three levels were subtracted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  *Id.* ¶¶ 20-21.  Her total offense level was 25.  *Id.* ¶ 22.  Gibbons' total criminal history score was 9, which established a criminal history category of IV.  *Id.* ¶ 34.  An offense level 25 combined with a criminal history category IV resulted in a Guidelines range of 84-105 months' imprisonment.  *Id.* ¶ 101.  There were no objections to the presentence report sentencing calculations.

On May 30, 2017, Gibbons appeared before the Court and pleaded guilty to Count 1 of the Indictment.  Crim. Dkt. No. 35.  The Court accepted her plea.  The Court, departing from the guidelines, sentenced Gibbons to 78 months' imprisonment to be followed by three years' supervised release.  Crim. Dkt. No. 36.

In keeping with the terms of the plea agreement, Gibbons did not appeal.  On July 5, 2018, Gibbons filed the pending motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  Dkt. 1.  The Court ordered Gibbons to show cause why the motion was not untimely.  Dkt. No. 2.  Gibbons responded that she was denied access to her legal documents and the law library for a period of time while the library was flooded.  Dkt. No. 3.  The United States filed a response to her § 2255 motion, and Gibbons filed a reply.  The motion is ripe for resolution.

### III.  Discussion

Gibbons seeks relief pursuant to § 2255 arguing that her trial counsel provided ineffective assistance of counsel by: (1) failing to file an appeal as requested; (2) failing to communicate with her; (3) failing to challenge the sentencing enhancement as "double-counting;" and (4) failing to investigate.  Dkt. Nos. 1, 3.

3

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

### A. Failing to File an Appeal

Gibbons asserts that her trial counsel failed to file a notice of appeal after sentencing even though she requested that he do so. Dkt. No. 1 at 4; Dkt. No. 14 at 2. She does not say what her attorney should have appealed or what issues she would have raised. The Government has not rebutted Gibbons' assertion that she requested that her trial counsel file an appeal *See* Dkt. No. 11 at 7-8.

Generally, if a defendant specifically requests that his counsel file a notice of appeal on his behalf, it is *per se* ineffective assistance of counsel for him to fail to do so. *See Dowell v. United*

*States*, 694 F.3d 898, 901 (7th Cir. 2012). The remedy for failure to appeal caused by ineffective assistance of counsel is a new opportunity to appeal. *Peguero v. United States*, 526 U.S. 23, 28-29 (1999).[1] This general rule applies regardless of whether the defendant has signed an appeal waiver. *Garza v. Idaho*, __ S. Ct. __, 202 L.Ed. 2d 77, 89 (2019). The Supreme Court noted that "simply filing a notice of appeal does not necessarily breach a plea agreement, given the possibility that the defendant will end up raising claims beyond the waiver's scope." *Id.* at 88.

Because Gibbons' trial counsel was ineffective for failing to file an appeal on Gibbons' behalf, Gibbons must be afforded a new opportunity to appeal her conviction and sentence. *See Peguero*, 526 U.S. at 28-29.

### B. Failing to Communicate / Investigate

Gibbons argues that her trial counsel failed to communicate with her and failed to investigate. Dkt. No. 1 at 5, 8. However, Gibbons fails to identify "specific acts or omissions of his counsel." *Wyatt*, 574 F.3d at 458. Gibbons provides no evidence of what she believes her trial counsel failed to communicate to her. Nor does she explain what counsel failed to investigate. The Seventh Circuit has repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); Fed R. App. P. 28(a)(4); *United States v. Brown*, 899 F.2d 677, 679 n.1 (7th Cir. 1990)). Accordingly, no relief is available to Gibbons on these grounds.

---

[1] Prior Seventh Circuit precedent held that the general rule does not apply when an attorney declines to file a notice of appeal in the face of an appeal waiver. *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). However, that holding was overruled in the Supreme Court's recent holding in *Garza v. Idaho*, __ S. Ct. __, 202 L.Ed. 2d 77 (2019).

### C. Failing to Challenge the Sentencing Enhancement

Gibbons argues that her trial counsel was ineffective for failing to challenge her sentencing enhancement, which constituted "double-counting." Dkt. No. 1 at 7; Dkt. No. 14 at 2-3.

The Seventh Circuit is "reluctant to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999). Only "Sentencing Guidelines errors of constitutional proportion" that resulted from an ineffective assistance of counsel may be considered. *Id.* However, "an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance." *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) (citing *Glover v. United States*, 531 U.S. 198 (2001)).

The term "'double counting' refers to using the same conduct more than once to increase a defendant's guidelines sentencing range." *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). "First, conduct that forms the factual basis for an element of the offense might also support a guidelines enhancement or adjustment … . Second, particular conduct might support the application of more than one enhancement or adjustment." *Id.* The Seventh Circuit has held that "[d]ouble counting raises no constitutional concerns" and is generally permissible unless the text of the Guidelines expressly prohibits it. *Id*.

Gibbons argues that her sentence was improperly enhanced and "double counted" under U.S.S.G. § 2K2.1(b)(6)(B) for possession a firearm in connection with another felony offense because she was never actually charged with an additional felony offense. Dkt. No. 14 at 2-3. However, Gibbons is mistaken.

The Comments to the Sentencing Guidelines specifically allow for the factual basis of an element of the offense to support an enhancement, explaining that the enhancement applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsections (b)(6)(B) … is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." U.S.S.G. § 2K1.1 cmt. 14(B) (2016). The Comments further explain that "another felony offense" does not require that a criminal charge be brought, or a conviction be obtained. *Id.* at cmt. 14(C).

Because Gibbons' gun was found near drugs, enhancement of her Guideline sentence range was appropriate. Moreover, Gibbons had multiple opportunities during the change of plea and sentencing hearing to object to or dispute the enhancement. Rather, she stated that she was pleading guilty of her own free will, having understood her charge and the potential sentencing. *See* Crim. Dkt. No. 42 (sentencing transcripts). Her statements to the court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.* Without more, Gibbons cannot now allege that her statements in open court were lies.

Thus, Gibbons is unable to show that her counsel's performance was deficient, under the first prong of *Strickland*, as there is nothing to challenge. In addition, she cannot show that she was prejudiced, under the second prong of *Strickland*, when she was personally given multiple

opportunities to object during the sentencing hearing and failed to do so. Thus, her trial counsel's failure to challenge the Sentencing Guideline enhancement was not ineffective assistance of counsel.

## IV. Conclusion

For the reasons explained in this Order, Gibbons' motion for relief pursuant to 28 U.S.C. §2255 is **denied** in all respects except for the claim that her counsel failed to timely appeal despite Gibbons' request to do so. Her Motion is **granted** in that Gibbons may appeal the sentence that was imposed by the Court in Case No. 2:16-cr-00008-WTL-CMM-1. Accordingly, the Court **VACATES** the criminal judgment in this case and **re-enters an identical judgment** in Case No. 2:16-cr-00008-WTL-CMM-1, so as to permit Gibbons an opportunity to file a timely appeal.

Pursuant to Fed. R. of Crim. Proc. 32(j)(2), once the identical judgment is entered, the **Clerk is directed to file a Notice of Appeal** on Gibbons' behalf. If Gibbons requests counsel for her appeal, that request should be made to the court of appeals.

Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 2:16-cr-00008-WTL-CMM-1.** The motion to vacate (Crim. Dkt. No. 40) shall also be **terminated** in the underlying criminal action.

## V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Gibbons has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or

wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/18/2019

*William T. Lawrence*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

HARMONY GIBBONS
15203-028
WASECA - FCI
WASECA FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1731
WASECA, MN 56093

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov